**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 96-CR-45-GKF |
| ) | |
| ARLAND DEON GAINES, pro se, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is defendant Arland Gaines' ("Gaines") letter which has been liberally construed as a Motion for Appointment of Counsel. (Dkt. #80).

Gaines has not alleged any grounds upon which counsel should be appointed. Reading Gaines' *pro se* filing liberally, it appears he desires the appointment of counsel to assist him in collaterally attacking his sentence on the grounds that several Tulsa law enforcement officers have been indicted.

Appointment of counsel is authorized if a § 2255 motion is filed and if appointing counsel would be in the "interests of justice." 28 U.S.C. § 2255(g); 18 U.S.C. §3006A(a)(2); *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir.2008). To justify appointment of counsel, Gaines must demonstrate some newly discovered evidence that would show his innocence in this case. Generalized allegations that constitute impeachment evidence are usually insufficient to meet this threshold. *See U.S. v. Combs,* 267 F.3d 1167, 1177 (10th Cir. 2001); *U.S. v. Brewster*, 630 F.2d 795 (10th Cir. 1980). Accordingly, because Gaines has failed to file a motion demonstrating the existence of newly discovered evidence showing his innocence, his request for appointment of counsel must be denied without prejudice.

WHEREFORE, defendant Arland Gaines' Motion for Appointment of Counsel (Dkt. #80) is denied.

IT IS SO ORDERED this 22nd day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma